UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

RAYMOND JAMES & ASSOCIATES,     CIVIL DOCKET NO. 6:22-CV-05050
INC., GEORGE LONGO and
DANYAL SATTAR,

Appellants

VERSUS     JUDGE DAVID C. JOSEPH

CRAIG JALBERT, in his capacity as     MAGISTRATE JUDGE DAVID J.
Chapter 11 Liquidating Trustee for     AYO
GERMAN PELLETS LOUISIANA,
LLC and LOUISIANA PELLETS,
INC.,

Appellee.

## MEMORANDUM RULING

Pending before the Court is an APPEAL [Doc. 1], brought by Raymond James &

Associates, Inc. ("Raymond James"), George Longo, and Danyal Sattar (collectively,

the "Raymond James Defendants") from a Final Judgment rendered on August 15,

2022, by the United States Bankruptcy Court for the Western District of Louisiana

("Bankruptcy Court").   For the following reasons, the Bankruptcy Court's Final

Judgment is AFFIRMED, and the Raymond James Defendants' appeal is DENIED.

### BACKGROUND

**I.**   **Facts and Procedural History**

The adversary proceeding underlying this appeal arises out of the interplay

between two other matters: (i) the 2016 Chapter 11 bankruptcy filing of Louisiana

Pellets, Inc. ("Louisiana Pellets") and German Pellets Louisiana, LLC ("GPLA")

(collectively, "Debtors"), Case No. 16-80162, United States Bankruptcy Court,

Western District of Louisiana (the "Bankruptcy Case"), and (ii) a state court case filed

by the liquidating trustee appointed at the conclusion of the Bankruptcy Case, 28th Judicial District Court, LaSalle Parish, Louisiana, Case No. 40802 (the "State Court Litigation").

As background, Louisiana Pellets was the owner of a wood pellet manufacturing facility in Urania, Louisiana.  German Pellets, an affiliated entity, oversaw construction of the plant and operated it for the brief period it was in production.  Construction was financed by the issuance of seven series of bonds by the Louisiana Public Facilities Authority ("LPFA").  Raymond James was engaged to assist in the sale of the bonds and to serve in an advisory role to Louisiana Pellets. Longo and Sattar were Raymond James executives charged with overseeing the bond sale. Raymond James then marketed and sold those bonds to a number of institutional investors.  In connection with the sales of the bonds, the LPFA, Louisiana Pellets, and Raymond James entered into bond purchase agreements wherein Louisiana Pellets agreed to indemnify Raymond James for any loss stemming from alleged misrepresentations or omissions in the offering memoranda for the subject bonds.

Louisiana Pellets and GPLA filed bankruptcy shortly thereafter.  One of the principal issues in the Chapter 11 liquidation proceeding was the roughly $300 million in bond debt issued to finance construction of the wood pellet facility.  The Bankruptcy Case resulted in significant loss to, among other creditors, the bondholders who purchased bonds from Raymond James.

The Bankruptcy Court entered a Confirmation Order on September 8, 2017, which confirmed the Plan (the "Bankruptcy Plan") and substantially completed the

Bankruptcy Case.  At the conclusion of the Bankruptcy Case, Craig Jalbert was appointed to serve as a liquidating trustee (the "Liquidating Trustee").  Importantly, the Confirmation Order specifically holds that, "[t]he Liquidating Trust shall have a separate existence from the Debtors."  The Liquidating Trust Agreement establishing the Liquidating Trustee also specifically delineates that the "[t]rust shall not be deemed a successor-in-interest of the Debtors for any purpose other than as specifically set forth herein or in the Plan" and that it is being "established for the purpose of liquidating the Trust Assets and taking all actions necessary to wind down and close the Estate."  Accordingly, the Liquidating Trust Agreement transferred the assets and rights of the Debtors to the Liquidating Trust, but did not transfer debts or liabilities.

Although the Raymond James Defendants were not included as potential creditors in the Debtors' filings, it is undisputed that Raymond James: (i) was aware of the Chapter 11 filings and monitored the proceedings, (ii) did not file a proof of claim asserting indemnity claims against the Debtors for any misrepresentations in the offering memoranda, and (iii) did not object to provisions of the Bankruptcy Plan and Confirmation Order that barred subsequent assertion of "any setoff, right of subrogation, surcharge, or recoupment of any kind against any obligation due the Debtors."

In April of 2019, certain of the Louisiana Pellet bondholders assigned to the Liquidating Trustee their claims against the Raymond James Defendants stemming from misstatements in the bond offering memoranda.  Following his receipt of these assignments, the Liquidating Trustee filed claims in the State Court Litigation for

violation of Louisiana's Blue Sky Law and Florida's Securities Act.  Importantly, the Liquidating Trustee's right to assert these claims came solely from the assignments of the bondholders and are not claims of the Debtors.  In response to these claims, the Raymond James Defendants asserted the "affirmative defenses"[1] of compensation, setoff, recoupment, and indemnity pursuant to the indemnification provisions in the relevant bond purchaser agreements.

On November 3, 2021, the Liquidating Trustee filed the adversary proceeding underlying this appeal seeking declaratory judgment that these affirmative defenses were discharged by the Bankruptcy Plan and Confirmation Order.  The Liquidating Trustee and Raymond James Defendants subsequently filed cross-motions for summary judgment and the Raymond James Defendants also filed a Rule 60(b) Motion seeking relief from the Confirmation Order pursuant to Fed. R. Civ. P. 60(b) and Fed. R. Bankr. P. 9024.  These motions were heard by the Bankruptcy Court on April 6, 2022.   On July 29, 2022, the Bankruptcy Court issued its Ruling on Competing Motions ("Bankruptcy Court Ruling") [Doc. 6-1, pp. 109 – 137] followed by its August 15, 2022, Final Judgment, ordering that:

1) The Motion for Summary Judgment filed by the Liquidating Trustee is GRANTED; and

2) The Motion for Summary Judgment and the Motion for Relief from Confirmation Order filed by Defendants are DENIED; and specifically that:

---

[1]	Under Louisiana law, [a]n affirmative defense is one that "raises new matter which, assuming the allegations in the petition to be true, constitutes a defense to the action and will have the effect of defeating plaintiff's demand on its merits."  *Webster v. Rushing*, 316 So. 2d 111, 114 (La. 1975).

a) Defendants are bound by the Debtors' Joint Chapter 11 Plan of Liquidation (the "Plan");

b) Defendants are not entitled to relief from the Confirmation Order under Rule 60(b);

c) The plain language of the Plan discharges the affirmative defenses of setoff, compensation, recoupment or similar defenses asserted by the Defendants in the State Court Action filed by the Liquidating Trustee; and that

d) Even if those defenses were not discharged, Defendants' affirmative defenses of setoff, compensation or recoupment are not available to be asserted against the claims brought by the Liquidating Trustee in the State Court Action.

[Doc. 1-1].

## II.   <u>Issues on Appeal</u>

The Raymond James Defendants present two issues for this Court's review:

(1) Whether the Bankruptcy Court erred in granting summary judgment to the Liquidating Trustee on his claim that the Raymond James Defendants are barred from asserting rights of setoff, recoupment, compensation, or similar defensive claims arising out of an indemnity agreement with the Debtors as affirmative defenses in State Court Litigation between the Liquidating Trustee and the Raymond James Defendants, and in denying the Raymond James Defendants' cross-motion for summary judgment on the same issues; and

(2) Whether the Bankruptcy Court abused its discretion and erred in failing to grant relief to the Raymond James Defendants under Fed. R. Civ. P. 60(b), made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 9024.

<u>LAW AND ANALYSIS</u>

### I.  <u>Jurisdiction</u>

The Court's jurisdiction to hear appeals from orders of the bankruptcy court is conferred by 28 U.S.C. § 158(a)(1), which provides in part that "[t]he district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders and decrees ... [a]n appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving."  28 U.S.C. § 158(a).

### II.  <u>Standard of Review</u>

A federal district court reviewing a bankruptcy court's decision acts as an appellate court and thus applies the same standard of review generally used by a federal court of appeals.  *In re Webb,* 954 F.2d, 1102, 1103-04 (5th Cir. 1992); *Pentecost v. La. Safety Ass'n of Timbermen*, 626 B.R. 879, 884 (W.D. La. 2021); *AT&T Univ. Car Servs. v. Mercer (In re Mercer)*, 246 F.3d 391, 402 (5th Cir. 2001) (we apply the same standard of review to the analysis of the bankruptcy court's order as did the district court).  The grant of summary judgment by the bankruptcy court is subject to *de novo* review.  *In re Erlewine*, 349 F.3d 205, 209 (5th Cir. 2003).  The denial of relief under Fed. R. Civ. P. Rule 60(b) and Fed. R. Bankr. P. 9024 is reviewed for an abuse of discretion.  *See Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981).

### III.  <u>Analysis</u>

#### A. <u>Summary Judgment Motions</u>

The Raymond James Defendants first argue that they should not be bound by the terms the Bankruptcy Plan which they contend were "rigged against the

Raymond James Defendants" – essentially asserting that a confluence of factors, including: (i) the appointment of the Liquidating Trustee, (ii) the assignment of the bondholders' claims to the Liquidating Trustee, and (iii) the discharge of the Raymond James Defendants' indemnity rights in the Bankruptcy Plan, conspired to result in a "wholly unjust" outcome for the Raymond James Defendants.  The Court disagrees.

It is undisputed that Raymond James Defendants were not only aware of, but actively followed the proceedings in the Bankruptcy Case.  As a financial services firm, Raymond James was certainly aware upon the filing of the Bankruptcy Case of its litigation risk and potential exposure to liability resulting from its assistance in the issuance and sale of bonds that later become illiquid.  It is equally clear that Raymond James made a decision during the pendency of the underlying Bankruptcy Case <u>not</u> to file a claim for indemnity against Louisiana Pellets for this potential liability.  That tactical decision – whether the right one or not – was made by a sophisticated corporate client with experienced and adept counsel.  There is therefore nothing unjust about the Bankruptcy Court's decision precluding the Raymond James Defendants from now raising these indemnity claims.

Further, there is no set of facts under which the Raymond James Defendants would have ever had rights of "setoff, recoupment, compensation, or similar defensive claims," against the Debtors for the bondholders' claims against them.  These claims never belonged to the Debtors to begin with.  Underlining this point, the Raymond James Defendants readily "acknowledge that they would not have rights of setoff against the bondholders if the bondholders had sued directly" and had the assignment

of the bondholders' claims against Raymond James to the Liquidating Trustee not occurred. [Doc. 23, p. 33]. Correct. And such would remain to be the case even if Raymond James' indemnity rights against the Debtors had not been discharged by the Bankruptcy Plan (though, of course, they could have then sought indemnification from Louisiana Pellets).

All told, there is nothing inherently unfair about the circumstances of this case as it relates to the Raymond James Defendants. Quite the contrary, it seems to the Court quite likely that, even as early as the 2016 bankruptcy filing by Louisiana Pellets and GPLA, Raymond James was very aware that: (i) it had litigation exposure for its role in the sale of the bonds for the Debtors – companies that quickly went defunct after the bond issuances, and (ii) it was unlikely to obtain much, if any, indemnification for such exposure from the illiquid Louisiana Pellets. These events have indeed come to pass.

The Appellants next argue, for the first time on appeal, that: (i) the Bankruptcy Plan itself was invalid; and (ii) that the Bankruptcy Court lacked jurisdiction to enjoin claims of the Raymond James Defendants. The Court need not consider these arguments as they were not raised in the Bankruptcy Court. Under Fifth Circuit precedent, issues raised for the first time on appeal are considered waived and not reviewable unless the party can demonstrate "extraordinary circumstances." *State Indus. Products Corp. v. Beta Technology Inc.*, 575 F.3d 450, 456 (5th Cir. 2009). "Extraordinary circumstances exist when the issue involved is a pure question of law and a miscarriage of justice would result from our failure to consider it." *Id.*; *see also Zapata v. Purdy*, 51 Fed. Appx. 929, 929 (5th Cir. 2002) (holding "newly raised legal

claims are not reviewable for the first time on appeal"); *Iroh v. Bank of America, N.A.*, 730 Fed. Appx. 236, 237 (5th Cir. 2018) (holding plaintiff "abandoned" claims by failing to raise them at the district court level and seeking to raise them for the first time on appeal); *Custer v. Wells Fargo Bank, N.A.*, 559 Fed. Appx. 314, 315 (5th Cir. 2014) (finding plaintiff failed to establish failure to consider new arguments would result in a miscarriage of justice and thus declining to address new arguments raised on appeal); *Mansker v. Oak Farms Dairy*, 170 Fed. Appx. 916, 918 (5th Cir. 2006) (noting that "to avoid being waived, an argument must be raised to such a degree that the trial court may rule on it."). Here, Appellants have not shown extraordinary circumstances, nor does the posture of this case lend itself to such a finding. Indeed, as a practical matter, it is the Bankruptcy Court – not this one – that is uniquely positioned to first frame and decide the highly-specific objections raised by Appellants.

Finally, the Raymond James Defendants argue that the Bankruptcy Court erred in failing to distinguish defensive rights that are "triggered upon legal provocation" from other claims that may be filed. This argument, even if credited, does nothing to disturb this Court's finding that the rights of "setoff, recoupment, compensation, or similar defensive claims" asserted by the Raymond James Defendants are nonetheless not cognizable as defenses to the claims against them. This is because, again, the claims that have been asserted against the Raymond James Defendants in the State Court Litigation are those of certain bondholders, not the Debtors (against whom the Raymond James Defendants held rights of indemnity). Nor are they being asserted by the Debtors, but rather by the

Liquidating Trustee – a separate and distinct entity from the Debtors and one that, pursuant to the Liquidating Trust Agreement, only received the assets and rights from the debtors, not debts or liabilities.  *See Segner v. Admiral Insurance Co. (In re Palmaz Scientific, Inc.)*, 2018 WL 3343597, at *11 (Bankr. W.D. Tex. 2018), citing *Dynasty Oil & Gas, LLC v. Citizens Bank, et al (In re United Operating, LLC)*, 540 F.3d 351, 355-56 (5th Cir. 2008).  Further, as discussed below, the Raymond James Defendants' indemnity claims are not fundamentally defensive in nature.

### B. <u>Rule 60(b) Motion</u>

In its second issue on appeal, Appellants argue that the Bankruptcy Court abused its discretion and committed legal error by refusing to modify Section 9.21 of the Bankruptcy Plan under Rule 60(b) to permit the Raymond James Defendants to assert defensive rights against claims by the "Debtors … their successors, heirs, executors, administrators, or assigns or their respective properties."  [Doc. 6-1, p. 113].  Rule 60(b) provides:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; ... or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Fed. R. Civ. P. 60(b).

Here, because the Bankruptcy Plan was confirmed over five years ago, is substantially consummated, and the Raymond James Defendants had knowledge of the Bankruptcy Case but failed to participate, the Court finds that the Bankruptcy Court did not abuse its discretion under applicable law in refusing to modify the Bankruptcy Plan. *See e.g.*, *Walker v. Transfrontera CV de SA*, 634 F. App'x 422, 426 (5th Cir. 2015) (a district, or bankruptcy court "enjoys a wealth of discretion when assessing a Rule 60(b) motion").

And, in any event, an amendment to Section 9.21 of the Bankruptcy Plan to allow the Raymond James Defendants to assert setoff and similar affirmative defenses against "obligations due the Debtors" or their successors would not change the Court's ruling here. This is because there is no set of circumstances in which an indemnity obligation owed to Raymond James by the Debtors is cognizable as an affirmative defense against the bondholders' claims. First, in the Fifth Circuit – whose law governs the Bankruptcy Plan – it is clear that indemnification "is an independent claim for relief, not an affirmative defense or the like." *F.D.I.C. v. Scott*, 125 F.3d 254, 259 (5th Cir. 1997); 27 Fed. Proc., L. Ed. § 62:85 ("Matters that relate to damages and do not bar the plaintiff's recovery, such as contribution and indemnity, are not affirmative defenses"); *see also Webster* 316 So. 2d at 114 (La. 1975) (an affirmative defense "constitutes a defense to the action and will have the effect of defeating plaintiff's demand on its merits"). Second, under Louisiana law applicable to the State Court Litigation, the affirmative defense of compensation or setoff does not apply to these facts because: (i) the Liquidating Trustee is asserting the claims of the bondholders, not the debtors; and (ii) the Liquidating Trustee did

not assume the obligations of the Debtors. *Dial Real Est., Inc. v. Isbell,* 256 So. 2d 133, 137 (La. Ct. App. 1971) (compensation or setoff requires that each opposing party owe a debt to the other); *Taylor v. Bedingfield*, 52,946, p. 6 (La. App. 2 Cir. 9/25/19), 280 So. 3d 801, 805 ("[O]ffset or compensation equates to the affirmative defense of extinguishment of the obligation [asserted against the party claiming compensation]."); *Buck's Run Enterprises, Inc. v. Mapp Const., Inc.*, 1999-3054, p. 5 (La. App. 1 Cir. 2/16/01), 808 So. 2d 428, 431 (compensation or setoff occurs when "two persons owe *to each other* sums of money ...  and these sums or quantities are liquidated and presently due.") (emphasis added); *Dial Real Est., Inc. v. Isbell,* 256 So. 2d 133, 137 (La. Ct. App. 1971) (compensation or setoff requires that each opposing party owe a debt to the other).

## CONCLUSION

For the foregoing reasons, the Bankruptcy Court's Final Judgment of August 15, 2022, is AFFIRMED, and the Raymond James Defendants' Appeal is DENIED.

THUS, DONE AND SIGNED in Chambers on this 10th day of January 2023.

_____

DAVID C.  JOSEPH
UNITED STATES DISTRICT JUDGE